IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ASHLEY HUDDLESTON | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:22-cv-00718 |
| v. | ) | |
| | ) | |
| SPRINGFIELD HEALTH SERVICES, LLC | ) | JUDGE CAMPBELL |
| d/b/a TRISTAR NORTHCREST MEDICAL | ) | MAGISTRATE JUDGE |
| CENTER; SAMANTHA STEPHENS, P.A.; | ) | HOLMES |
| KIMBERLY RICE, APRN; REBEKAH | ) | |
| KOLLAR, M.D. and JAMES E. NELL, M.D. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS**

Comes the Plaintiff, Ashley Huddleston, by and through Counsel, and for her Motion for Sanctions, respectfully submits as follows:

**INTRODUCTION**

The parties took the discovery deposition of Plaintiff's Expert, Dr. David Wiggins on February 6, 2024. In said deposition, Dr. Wiggins was asked whether his medical privileges had ever been denied at a hospital. Dr. Wiggins candidly answered in the affirmative but went on to explain that the denial of medical privileges was not related to medical licensure issues, but rather was the result of him being identified as a conscientious objector following his service in the Gulf War. This explanation apparently caught the attention of Counsel for Defendants, who inquired further into Dr. Wiggins' conscientious objector status.

Thereafter, pursuant to Local Rule 7.01(a)(1), Undersigned conferred with Counsel for Defendants to see if an agreement could be reached not to delve into Dr. Wiggins' conscientious

3867918

objector status due to its irrelevance.  Specifically, Undersigned stated: "[w]e plan on filing a Motion *in limine* to Exclude Reference to David Wiggins, M.D.'s Conscientous Objector Status. Please let me know if you plan on introducing this evidence during his deposition.  If so, we plan on filing a motion.  Thanks."  In response, Counsel for Defendants stated, "I don't plan on bringing it up.  If for some reason the door is opened ***and it is discussed***, I would expect that you will include it in your deposition objections for the court's consideration at the pre-trial conference."  **See Exhibit A** (emphasis added).

On August 27, 2024 the parties took the trial deposition of Plaintiff's Expert, Dr. David Wiggins and Undersigned attached the *curriculum vitae* of Dr. David Wiggins as an exhibit thereto.  Thereafter, despite his assurances otherwise, Counsel for Defendants began inquiring into the facts surrounding Dr. David Wiggins' status as a conscientious objector.  Undersigned, in good faith reliance on the assertions of Counsel for Defendants, had not prepared Dr. David Wiggins for this line of questioning, relying on the fact that Undersigned understood there to be an agreement amongst Counsel that same was wholly irrelevant.  In further reliance on Counsel for Defendants' assertions, Undersigned did not previously file a Motion *in limine* to Exclude Reference to David Wiggins, M.D.'s Conscientious Objector Status[1].

## LEGAL ARGUMENT

In a subsequent e-mail exchange, Counsel for Defendants indicated "it was [his] position that [Counsel for Plaintiff] opened the door to Dr. Wiggins' court martial based on [Counsel for Plaintiff's] eliciting testimony about his military record and introducing his CV identifying his military experience on direct examination."  **See Exhibit B.**  Clearly, an inquiry by Undersigned into Dr. David Wiggins' educational and employment history in order to qualify Dr. David

---

[1] However, given the events which precipitated the filing of the instant motion, Undersigned is simultaneously filing a Motion *in limine* to Exclude Reference to David Wiggins, M.D's Conscientious Objector Status.

3867918

Wiggins as an expert witness is wholly different than an inquiry into Dr. David Wiggins' status as a conscientious objector.

> Under the rule of curative admissibility or the "opening the door" doctrine, the introduction of inadmissible evidence by one party opens the door for an opponent to introduce evidence on the same issue to rebut any false impression that was given. The doctrine does not permit the introduction of evidence that relates to a different issue or is irrelevant to the evidence previously admitted. The Court has stated that the doctrine is one dangerously prone to overuse. Introduction of otherwise inadmissible evidence under shield of this doctrine is permitted only to the extent necessary to remove any unfair prejudice which might otherwise have ensued from the original evidence.
>
> *Elledge v. Bacharach Instrument Co.*, Nos. 91-1931/1952, 1992 U.S. App. LEXIS 20762 (6th Cir. Aug. 25, 1992) (internal citations omitted).

As stated earlier, Dr. Wiggins has been identified as an expert witness for Plaintiff, a witness who is currently the subject of a Motion to Exclude [D.N. 50] by Defendants on the purported basis that Dr. Wiggins' is not qualified pursuant to Tennessee's "locality rule" codified Tenn. Code Ann. § 29-26-115(a)(1). Against this backdrop, Undersigned sought to diligently inquire into the qualifications of Dr. Wiggins during the August 27, 2024 trial deposition.

First, inquiry by Undersigned into Dr. Wiggins' educational and employment background is a different issue than Counsel for Defendants' inquiry into Dr. Wiggins' status as a conscientious objector. Moreover, Undersigned's inquiry into Dr. Wiggins' educational and employment background does not cause any unfair prejudice to the Defendants that must be cured by introduction of Dr. Wiggins' conscientious objector status – which is wholly irrelevant.

Pursuant to Rule 30(d)(2) of the Federal Rules of Civil Procedure, the court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent. Given

the earlier representation of Counsel for Defendant, it was bad faith for Counsel for Defendant to inquire into Dr. Wiggins' status as conscientious objector and this inquiry was done only for the purposes of annoying or embarrassing Dr. Wiggins.

"Discovery, like all matters of procedure, has ultimate and necessary boundaries. As indicated by Rules 30(b) and (d) and 31(d), limitations inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the injury." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). These "ultimate and necessary boundaries" can also be self-imposed by virtue of agreement between counsel, as was the case here.

As evidenced by **Exhibit A** attached hereto, there was a mutual understanding that Dr. Wiggins' status as conscientious objector was irrelevant and would not be inquired into during cross-examination unless the "door was opened" during direct examination. Counsel for Defendants' position that the door was opened merely by making Dr. Wiggins' *curriculum vitae* an exhibit or by preliminary inquiry about Dr. Wiggins' educational and employment background is not made in good faith and defies logic. If Counsel for Defendants' position had merit, then it would be impossible for Undersigned to not "open the door," given that there is no stipulation that Dr. Wiggins' qualifies as an expert witness.

It appears to Undersigned that Counsel for Defendants never intended not to inquire about Dr. Wiggins' conscientious objector status. Therefore, this Court has the discretion to impose reasonable sanctions against Counsel for Defendants.

WHEREFORE, the Plaintiff, Ashley Huddleston, by and through Counsel, respectfully requests that the relief herein requested be GRANTED.

This the 4th day of September, 2024.

3867918

Respectfully submitted,

ENGLISH, LUCAS, PRIEST & OWSLEY, LLP

*/s/Robert A. Young*
Robert A. Young (Tenn. Sup. Crt. No.28860)
1101 College St., P.O. Box 770
Bowling Green, KY 42101
Phone: (270) 781-6500
Fax: (270) 782-7782
E-mail: byoung@elpolaw.com
*Co-counsel for Plaintiff*
And

*/s/ Larry L. Crain*
Larry L. Crain (Tenn. Sup. Crt. No. 9040)
CRAIN LAW GROUP
5214 Maryland Way
Brentwood, TN 37027
Phone: (615) 376-2600
Fax: (615) 345-6009
larry@crainlaw.legal
*Co-counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on the 4th day of September, 2024, the foregoing was filed using the Court's ECF system which will send notice to the following counsel of record:

John F. Floyd, Jr.
WICKER SMITH O'HARA MCCOY & FORD, P.A.
3990 Hillsboro Pike, Suite 300
Nashville, TN 37215
jfloydjr@wickersmith.com
*Attorney for Defendants, Samantha Stephens, P.A.*
*And James E. Nell, M.D.*

/s/ Robert A. Young
ROBERT A. YOUNG

3867918